IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff

vs                                                      CRIMINAL 09-0165CCC

1) JOEL RIVERA-ALEJANDRO,
a/k/a "J" (Counts One through Seven)

2) CARLOS RIVERA-ALEJANDRO,
a/k/a "Homero" (Counts One
through Seven)

3) ALEXIS RIVERA-ALEJANDRO,
a/k/a "Alex," a/k/a "Villa" (Counts One
through Seven)

7) CARLOS E. RIVERA-RIVERA,
a/k/a "Carlitos," a/k/a "Carlitos Nariz"
(Counts One through Seven)

14) JUAN RIVERA-GEORGE,
a/k/a "Tio" (Counts One through Seven)

19) SUANETTE RAMOS-GONZALEZ,
a/k/a "Suei," a/k/a "Suanette
González-Ramos" (Counts One
through Five and Count Seven)

47) IDALIA MALDONADO-PEÑA
(Counts One through Five and
Count Seven)

49) DOLORES
ALEJANDRO-RODRIGUEZ,
a/k/a "Doña Lolita," a/k/a "Lola"
(Counts One through Seven)

Defendants

**RULING ON DEFENDANTS [1] JOEL RIVERA-ALEJANDRO,
[2] CARLOS RIVERA-ALEJANDRO, [3] ALEXIS RIVERA-ALEJANDRO,
[7] CARLOS E. RIVERA-RIVERA, [14] JUAN RIVERA-GEORGE
AND [19] SUANETTE RAMOS-GONZALEZ
FED. R. CRIM. P. 29 MOTIONS**

    Having considered all of the evidence presented during the government's

case-in-chief and the reasonable inferences flowing therefrom in the light most

favorable to the government, the Court finds that the evidence is sufficient to

sustain a conviction on:

CRIMINAL 09-0165CCC                    2

- • Counts One, Two, Three, Four, Five and Six as to defendant [1] Joel Rivera-Alejandro;

- • Counts One, Two, Three, Four, Five and Six as to defendant [2] Carlos Rivera-Alejandro;

- • Counts One, Two, Three, Four, Five and Six as to defendant [3] Alexis Rivera-Alejandro;

- • Counts One, Two, Three, Four, Five and Six as to defendant [7] Carlos E. Rivera-Rivera;

- • Counts One, Two, Three, Four, Five and Six as to defendant [14] Juan Rivera-George; and

- • Counts One, Two, Three, Four and Five as to defendant [19] Suanette Ramos-González.

Specifically as to defendant [19] Suanette Ramos-González regarding the aiding and abetting Counts, Two through Five, as concluded in United States v. Negrón-Sostre, 790 F.3d 295, 312 (1st Cir. 2015), although mere presence at the drug point(s) "is not sufficient, standing alone, to prove that defendant aided and abetted the possession with intent to distribute every type of drug sold there," her assistance to her husband co-defendant [7] Carlos E. Rivera-Rivera at the drug point and her interaction as seller with Jaime López-Canales and as recharger with Miguel Vega-Delgado who were part of the Villa Margarita, Amapola Street drug point, sufficiently demonstrate that she was part of the organized structure and coordination of the drug point and that she worked with and assisted these other defendants in the possession with intent to distribute all of the types of drugs sold there.  As concluded in Negrón-Sostre, *supra*, the evidence shows that she and each of these defendants "shared knowledge of the criminal design of the . . . drug point, and worked together to ensure its success."  See also United States v. Bristol-Martir, 570 F.3d 29, 39 (1st Cir. 2009) ("[k]nowledge of the particular controlled substance being distributed is not necessary.").

CRIMINAL 09-0165CCC                    3

  Accordingly, the Fed. R. Crim. P. 29 Motions argued by each of these defendants in open court on August 12, 2015 are hereby DENIED.

  SO ORDERED.

  At San Juan, Puerto Rico, on August 21, 2015.


              S/CARMEN CONSUELO CEREZO
              United States District Judge